IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00018-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GERGORY A. COLLINS,
4. GEORGE A. COLLINS,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. **ERIC LUGO,**
9. LAWRENCE T. MARTIN,
10. JOHNNIE A. MYERS,
11. DARRELL E. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS H. SCHRAH, JR.,
15. JAMES R. SWITZER,
16. CLIFFORD M. WRIGHT,

    Defendants.

_____

**DEFENDANT LUGO'S REQUEST FOR NOTICE OF INTENT TO CALL
EXPERT WITNESSES AND DISCOVERY PURSUANT TO
RULE 16(a)(1)(D) AND (E), Fed.R.Crim.P.**
_____

COMES NOW Defendant Eric Lugo, by and through his attorney of record, Dennis W. Hartley, Esq., of Dennis W. Hartley, P.C., and hereby moves this Court for the entry of an Order directing the Government to notify the defense of its intent to call expert witnesses pursuant to

1

Rule 702, 703 or 705, F.R.E., and for each such expert witness, discovery as provided for in Rule 16(a)(1)(D) and (E), Fed.R.Crim.P. As grounds therefore, Defendant Lugo states as follows:

1. Fed.R.Crim.P. Rule 16(a)(1)(D) states in pertinent part:

    **(D) Reports of examinations and tests.** Upon request of a defendant the Government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mendal examination, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

2. Fed.R.Crim.P. Rule 16(a)(1)(E) states in pertinent part:

    **(E) Expert Witnesses.** At the defendant's request, the Government shall disclose to the Defendant a written summary of testimony the Government intends to use under Rule 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial…**The summary provided under this subdivision shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualification.** (emphasis added.)

3. The material to which Defendant Lugo is entitled to pursuant to Rule 16 Fed.R.Crim.P., both with respect to scientific and other expert testimony, is essential to determine whether a challenge to the admissibility of such testimony is appropriate under either *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) or *Kumho Tire v. Carmichael*, 119 S.Ct. 1167; 1999 U.S. LEXIS 2189; 143 L.Ed.2d 238; 67 U.S.L.W. 4179 (1999).

4. In order to make a timely request for a hearing under *Daubert* or *Kimho Tire, supra,* or for the services of a chemist or other expert witness to assist the defense, Defendant Lugo requests the Court to direct the Government to provide this information at least sixty (60) days before trial.

WHEREFORE, Defendant Lugo prays for the relief requested, and for such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted this 23rd day of February, 2012.

DENNIS W. HARTLEY, P.C.


By: *s/ Dennis W. Hartley*
Dennis W. Hartley (#788)
Attorneys for Defendant
1749 S. Eighth Street, Suite 5
Colorado Springs, CO 80906
(719) 635-5521
Fax: (719) 635-5760

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 23rd day of February, 2012, a true and correct copy of the foregoing **DEFENDANT LUGO'S REQUEST FOR NOTICE OF INTENT TO CALL EXPERT WITNESSES AND DISCOVERY PURSUANT TO RULE 16(a)(1)(D) AND (E), Fed.R.Crim.P.** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all relevant parties.


*s/Julia Vendeland*
Julia Vendeland

3