IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00018-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GERGORY A. COLLINS,
4. GEORGE A. COLLINS,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. **ERIC LUGO,**
9. LAWRENCE T. MARTIN,
10. JOHNNIE A. MYERS,
11. DARRELL E. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS H. SCHRAH, JR.,
15. JAMES R. SWITZER,
16. CLIFFORD M. WRIGHT,

    Defendants.

___

### DEFENDANT LUGO'S MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT

___

COMES NOW Defendant Eric Lugo, by and through his attorney of record, Dennis W. Hartley, Esq., of Dennis W. Hartley, P.C., and hereby moves this Court for the entry of an Order requiring the Government to disclose the following information:

1

1. The existence, substance, and the manner of execution or fulfillment of any promises, agreements, understandings or arrangements, either verbal or written, between the Government and any prosecution witness or informant or cooperating Defendant or co-conspirator, either indicted or unindicted, or his or her attorney representative, wherein the Government has agreed:

    a. Not to prosecute the witness for any crime(s);

    b. To provide a formal grant of statutory immunity or an informal grant of immunity in connection with any testimony given by him or her;

    c. To recommend leniency in sentencing for any crime or crimes for which he or she is convicted;

    d. To recommend a particular sentence for any crime or crimes for which he or she is convicted;

    e. To make any other recommendations as a benefit or to give any other consideration to him or her;

    f. In the case of a co-defendant in this action, to allow such defendant to plead guilty to a lesser charge or to a lesser number of charges than that contained in the Indictment against him or her.

2. Defendant Lugo further requests he be made aware of:

    a. The full nature and extent of all immunity granted to the informant or cooperating witness including. But not limited to, the nature and details of all crimes for which the immunity was granted;

    b. Whether any consideration has been given or promised to this person by the prosecution or any agency of the United States or any other political entity; and if so, the nature and details of the consideration given or promises made;

    c. Whether any threats or force was used to make or induce this individual to relate the information upon which the prosecution or other law enforcement officials predicated the arrest or indictment of the Defendant herein;

    d. The prior criminal record of any informant, source, cooperating witness, co-defendant of co-conspirator in the case;

    e. Any other compensation or remuneration paid to any informant ot co-conspirator whether indicted or unindicted in this case;

    f. As to all Government witnesses, the prior criminal record of each;

    g. As to all Government witnesses, including but not limited to, the nature and details of all crimes for which the immunity was granted;

    h. As to all Government witnesses, whether any consideration has been given or promised to any witness by the prosecution or any agency of the United States or any other law enforcement prosecuting office or agency; and if so, the nature and details of said consideration given or promises made;

    i. All records, notes, memoranda or documents relating to any of the above requests.

3. All information concerning disciplinary actions taken against any law enforcement officers who may testify in this matter as said actions relate to conduct concerning his or her integrity, responsibilities or competency.

As grounds for this motion, Defendant Lugo submits that courts have consistently held that in attempting to establish motives or bias of Government witnesses, a defendant may elicit evidence showing leniency in sentencing or other preferential treatment in return for the witness' or informant's cooperation and agreement to testify for the prosecution. *United States v. Partin*, 493 F.2d 750 (5th Cir. 1974); *United States v. Campbell*, 426 F.2d 547 (2nd Cir. 1970); *Hughes v. United States*, 427 F.2d 66 (9th Cir 1970).

Where trial courts have sought to limit the scope of cross-examination and the presentation of evidence of such matters, reviewing courts have tended to view such limitations as reversible error. *United States v. Greenberg*, 423 F.2d 1106 (5th Cir. 1970); *Grant v. United States*, 386 F.2d 658 (5th Cir. 1966).

The Supreme Court has adopted a position requiring expanded disclosure of promises of immunity, leniency and preferential treatment to Government witness, and has imposed upon the Government the burden of insuring that disclosure of such promise is made to a defendant. In *Giglio v. United States*, 405 U.S. 105 (1972), the defendant was convicted of passing forged money orders and was sentenced to five years imprisonment. Subsequent to the conviction, defendant's attorney discovered new evidence indicating that the Government had failed to disclose a promise made to its key witness that he would not be prosecuted if he testified for the Government. In reversing the conviction under the due process criteria of *Brady v. Maryland*, 373 U.S. 83 (1963), the Court in *Giglio* stated that since:

> "…credibility was therefore an important issue in the case, and evidence of any understanding or agreement as to future prosecution would be relevant to his credibility and the jury was entitled to know it." Id at 776.

Defendant Lugo submits that the holding in *Giglio* requires the type of disclosure be how seeks. While it is true that *Giglio* does not appear to establish a particular time for disclosure of

4

promises of immunity, leniency or preferential treatment, or the implementation thereof, Defendant Lugo requests such disclosure be made immediately.

WHEREFORE, Defendant Lugo prays for the relief requested, and for such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted this 23rd day of February, 2012.

DENNIS W. HARTLEY, P.C.


By: *s/ Dennis W. Hartley*
Dennis W. Hartley (#788)
Attorneys for Defendant
1749 S. Eighth Street, Suite 5
Colorado Springs, CO  80906
(719) 635-5521
Fax:  (719) 635-5760

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 23rd day of February, 2012, a true and correct copy of the foregoing **TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all relevant parties.

*s/Julia Vendeland*         .
Julia Vendeland