IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00018-JLK

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GERGORY A. COLLINS,
4. GEORGE A. COLLINS,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. **ERIC LUGO,**
9. LAWRENCE T. MARTIN,
10. JOHNNIE A. MYERS,
11. DARRELL E. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS H. SCHRAH, JR.,
15. JAMES R. SWITZER,
16. CLIFFORD M. WRIGHT,

 Defendants.

---

**DEFENDANT LUGO'S MOTION TO DISCLOSE IDENTITY OF INFORMANTS (WITH AUTHORITY)**

---

 COMES NOW Defendant Eric Lugo, by and through his attorney of record, Dennis W. Hartley, Esq., of Dennis W. Hartley, P.C., and hereby moves this Court for the entry of an Order requiring the Government to disclose to the Defendant, in advance of trial, the matters, or classes of matters, and all information or documents pertaining thereto, as are hereinafter set forth.

Further, he requests that the Government affirm or deny the existence of the discovery sought herein to avoid confusion regarding whether a document exists and has not been disclosed, or that a documents exists and has been overlooked.

The Defendant requests that he be allowed to inspect and copy the following:

1. Defendant requests the Government disclose the identity and whereabouts of any and all confidential Government informant(s) whose testimony the Government intends to offer at the trial or who were utilized during the instant case investigation.

This request encompasses any informant:

A. Who was an eyewitness to any of the offenses charged in the indictment;

B. Who was a participant in any of the offenses charged in the indictment;

C. Whose testimony is offered in an attempt to establish any wrongful conduct of the Defendant not alleged in the Indictment; or

D. Who provided the information which resulted in the targeting of any of the Defendants in the investigation.

As grounds therefore, Defendant Lugo states as follows:

Disclosure of the informer's identity is required if the identity of the informant would be relevant or helpful to the defense, or essential to a fair determination of the cause. *Roviaro v. United States*, 335 U.S. 53 (1957).

Only the Government has knowledge of the status of a confidential informant within categories A, B, C, and D above. While the disclosure of the identity of such informants can usually not be required in the absence of a special showing by the Defendant that the Defendant needs the testimony of the informant for some purpose, voluntary disclosure by the Government should be encouraged for fundamental fairness, and to avoid a deprivation of due process of law to the Defendant. *United States v. Opager*, 589 F.2d 799, 804-806 (5th Cir. 1979)

While a witness is free to refuse a Defendant's request for an interview, it is a "different matter for the Government to place a defendant at a tactical disadvantage by reserving to itself alone the ability to request an interview with a material witness." *U.S. v Fischel*, 696 F.2d 1082, 1092 (5th Cir. 1982). Witnesses are the property of neither party and both parties ought to have equal access. *Gregory v. U.S.*, 369 F.2d 185, 188 (D.C. Cir. 1966).

Wherefore, Defendant Eric Lugo prays that this Court grant the relief requested and for such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted this 23rd day of February, 2012.

DENNIS W. HARTLEY, P.C.

By:    *s/ Dennis W. Hartley*_____
Dennis W. Hartley (#788)
Attorneys for Defendant
1749 S. Eighth Street, Suite 5
Colorado Springs, CO  80906
(719) 635-5521
Fax:  (719) 635-5760

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 23rd day of February, 2012, a true and correct copy of the foregoing **DEFENDANT LUGO'S MOTION TO DISCLOSE IDENTITY OF INFORMANTS (WITH AUTHORITY)** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all relevant parties.

  *s/Julia Vendeland*          .
Julia Vendeland