IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00018-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GERGORY A. COLLINS,
4. GEORGE A. COLLINS,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. **ERIC LUGO,**
9. LAWRENCE T. MARTIN,
10. JOHNNIE A. MYERS,
11. DARRELL E. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS H. SCHRAH, JR.,
15. JAMES R. SWITZER,
16. CLIFFORD M. WRIGHT,

    Defendants.

---

**DEFENDANT LUGO'S REQUEST FOR NOTICE BY GOVERNMENT OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO RULE 807, F.R.E.**

---

COMES NOW Defendant Eric Lugo, by and through his attorney of record, Dennis W. Hartley, Esq., of Dennis W. Hartley, P.C., and hereby moves this Court for the entry of an Order directing the Government to provide Defendant with notice prior to trial of any statements it

1

intends to introduce pursuant to Rule 807, Federal Rules of Evidence. As grounds therefore, Defendant Lugo states as follows:

1. Rule 807, F.R.E., now contains the "residual exception" to the hearsay rule. It provides, in pertinent part:

> A statement not specifically covered by Rules 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it was offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will be served by admission of the statement into evidence.

2. Pre-trial notification of intent to introduce a statement under Rule 807 is essential. The rule states:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it including the name and address of the declarant.

3. No time period is provided for the pre-trial disclosure of statements sought to be introduced under Rule 807. Defendant Lugo requests the Court to direct the Government to provide notice of its intent to introduce statements under Rule 807, together with the particulars of the statements, including the names and addresses of the declarants, at least thirty (3) days prior to trial.

Wherefore, Defendant Eric Lugo prays that this Court grant the relief requested and for such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted this 23rd day of February, 2012.

               D ENNIS W. H ARTLEY, P.C.


               By:   *s/ Dennis W. Hartley*_____
               Dennis W. Hartley (#788)
               Attorneys for Defendant
               1749 S. Eighth Street, Suite 5
               Colorado Springs, CO  80906
               (719) 635-5521
               Fax:  (719) 635-5760


### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 23rd day of February, 2012, a true and correct copy of the foregoing **DEFENDANT LUGO'S REQUEST FOR NOTICE BY GOVERNMENT OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO RULE 807, F.R.E.** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all relevant parties.


                *s/Julia Vendeland*          .
               Julia Vendeland

3