IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

          Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
**3.  GREGORY A. COLLINS,**
**4.  GEORGE A. GADDY,**
**5.   DELBERT J. GARDNER,**
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
**8.   ERIC LUGO,**
9.  LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
**13.  COREY L. RILEY,**
**14.  THOMAS A. SCHRAH, JR.,**
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

          Defendants.

---

**GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME
TO SUBMIT RULE 16 DISCOVERY TO THE DEFENSE**

---

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government), respectfully submits this motion for enlargement of time within which to submit Rule 16 discovery to the defense (#317, p.2).  The Government respectfully states and represents to the Court as follows:

1

1.      This case is set for trial on July 30, 2012.  This case is set for a non-evidentiary hearing on May 11, 2012.

2.      On March 15, 2012, the Court set deadlines for certain steps in the trial preparation process.  For example, the Government is required to make its Rule 702 disclosures to the defense pursuant to Rule 16 no later than April 20, 2012 (#317, p.3). Disclosure of the balance of routine Rule 16 discovery for the defense was to be made by March 30, 2012 (#317, p.2).   On April 11, 2012, the Court granted an extension for the disclosure of routine discovery until April 13, 2012 (#350). The purpose of this Motion is to ask the April 13, 2012, date and the Rule 702 disclosure date be enlarged to be enlarged to April 27, 2012.

3.      To date the Government has disclosed more than 200 investigative reports properly classified as *Jencks Act* material and hundreds of items subject to discovery pursuant to Rule 16, such as recordings of individual defendants made during undercover investigative operations, photographs, laboratory reports, and copies of documents.  The disclosures are made through distribution to the defense of discs which can be read through the use of computers.  The investigative reports show the investigation as it proceeded over a number of years.

4.      On or about April 3, 2012, the Government disclosed additional discs which made available to the remaining active defendants the audio files of co-defendants.   As of April 13, 2012, the Government is working with the DPD forensic laboratory and the DEA forensic laboratory to obtain Rule 16 disclosures for a number of tests related to drug exhibits in this case.    One the Rule 16 statements are obtained from the pertinent chemists, they will placed on a digital disc for disclosure to the defense.  The technical

production of the disclosure discs is time consuming, involves several steps, requires attention from case agents, and calls on technical skills of U.S. Attorney staff members. The production process is time consuming. The Government is attempting to provide disclosure in an organized and accessible way. The Government submits the ambitious character and scope of the disclosure effort is appropriate in this case: a protective order is in place; conspiracies have been charged; and one defendant may be convicted for the substantive acts of another defendant under legal principles of joint and several responsibility. The Government contends the doctrine of complicity in Title 18 U.S.C. § 2 and principles of shared responsibility for reasonably foreseeable acts apply in this case under *Pinkerton v. United States*, 328 U.S. 640 (1946). *See* 10th Circuit Pattern Instructions (2010) §2.21 (person in a conspiracy is responsible for reasonably foreseeable substantive acts of co-conspirators).  *See also United States v. Edwards*, 36 F.3d 639, 644 (7th Cir. 1994). *Cf. United States v. Bindley*, 1157 F.3d 1235, 1238(10th Cir. 1998).

     5.     The Government respectfully asks the Court for two additional weeks within which to complete the tasks associated with the production of discs disclosing documents we expect to receive from the forensic laboratories in the next seven days and Rule 16 items currently in the possession and control of the Government.

     6.     The Government respectfully asserts that granting an extension through and including April 27, 2012, to complete the disclosure of Rule 16 materials, including Rule 702 materials, is within the discretion of the Court. To the extent the process is completed before the deadline, the Government will transmit the material as soon has been prepared and is ready for distribution. For example, it is anticipated that a substantial number of Rule 702 declarations from the forensic chemists will be sent to the defense next week.

As indicated about, the Government is still waiting on some 702 statements that have not yet been prepared. The Government is striving for completeness and accuracy in these matters. The Government respectfully submits that it is not normally in the best interests of justice to suppress evidence as a result of deadlines imposed by the court. *See United States v. Mavrokordatos*, 933 F.2d 843, 847-48 (10th Cir. 1991); *United States v. Golyansky,* 291 F.3d 1245, 1249 (10th Cir. 2002).

7.  The Government respectfully asks the Court to allow the Government until April 27, 2012 to comply with the Court's order to complete routine Rule 16 disclosure and Rule 702 expert statement disclosure to the defense. Late on Friday afternoon Government counsel attempted to email counsel for the remaining active defendants in this case to get their positions on the request presented in this Motion. As of the time this Motion is being filed, the following attorneys have responded indicating they have no objection: Jeffrey Edelman, Esq., attorney for defendant Gaddy; Eric Lee, Esq.; attorney for defendant Schrah; Scott Jurdem, Esq., attorney for defendant Gardner; and Dennis Hartley, Esq., attorney for defendant Lugo. The government advises that attorneys for the following defendants have not indicated to Government counsel their position with respect to the proposed date of April 27, 2012: attorney for defendant Collins; and attorney for defendant Corey Riley.

Respectfully submitted April 13, 2012.

        JOHN F. WALSH
        United States Attorney

        BY: s/ Guy Till
        GUY TILL
        Assistant United States Attorney
        United States Attorney's Office
        1225 Seventeenth Street, Suite 700
        Denver, Colorado 80202
        Telephone:  (303) 454-141
        FAX:  (303) 454-0401
        E-mail:  Guy.Till@usdoj.gov
        Attorney for Government

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of April, 2012, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME TO SUBMIT RULE 16 DISCOVERY TO THE DEFENSE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                    By: s/ Lisa Vargas
                    LISA VARGAS
                    Legal Assistant
                    1225 Seventeenth Street, Suite 700
                    Denver, Colorado 80202
                    Telephone:  (303) 454-0100
                    Facsimile:  (303) 454-0406
                    E-mail:  Lisa.Vargas@usdoj.gov