IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-8

UNITED STATES OF AMERICA,

    Plaintiff,

v.

8. ERIC LUGO,

    Defendant.

---

## PLEA AGREEMENT

---

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, ERIC LUGO, hereinafter referred to as the defendant, personally, and by his counsel of record, DENNIS W. HARTLEY, Esq., submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1.  It is the intention of the parties to resolve all pending criminal issues now known to the U.S. Attorney's Office [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case.  The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea

Court's Exhibit 1

agreement). The offer represented by this plea agreement was accepted by the defendant's filing a notice of disposition in July 2012, and by the defendant withdrawing or holding in abeyance any pretrial motions until the Court either accepts or rejects the contemplated plea of guilty. This plea agreement and related communications are under color of FRE 410.

## I. AGREEMENT

A. The defendant agrees to plead guilty to Count Seven of the Indictment (DOC 1) returned against him in this matter.

B. In exchange for his plea of guilty to Count Seven, the Government agrees to make a motion to dismiss the remaining counts of the Indictment and any superseding indictments in this case as to the defendant, to be effective after the Court accepts the defendant's plea of guilty. If the defendant has complied with the conditions of bond with no violations for the sixty days preceding the date of his sentencing hearing, provided further that the defendant has participated in a drug counseling program if suggested by his supervising probation officer, and provided further that the defendant qualifies under Sentencing Guidelines for a Zone C sentence including imposition of term of home detention, the Government agrees to recommend a sentence including a term of home detention.

C. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553. By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the

applicable Guidelines range. The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

D. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 14 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the

sentence imposed by the Court, the defendant is released from this waiver provision.

E. In consideration of the defendant's plea of guilty and the imposition of sentence on said Count Seven, the Government agrees to recommend an adjustment for acceptance of responsibility. If the defendant meets the above stated deadline for entry of his notice of disposition and effectively withdraws and withholds any pretrial motions, assuming the Court accepts the defendant's plea of guilty to Count Seven, the Government further agrees to recommend a sentence including a period of imprisonment or probation within the applicable guideline range determined by the Court. The parties understand the Court is not bound by positions of the parties. The parties understand the Court will impose a sentence in accordance with the provisions of Title 18 U.S.C. Section 3553.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offences to which this plea is being tendered are as follows:

(1) On or about April 14, 2010;

(2) within the State and District of Colorado;

(3) the defendant;

(4) knowingly possessed a quantity of a mixture and substance containing a detectable amount of cocaine;

(5) with intent to distribute said cocaine mixture and substance; and

(6) said cocaine is a Schedule II Controlled Substance.

## III. STATUTORY PENALTIES

The statutory penalty for Count Seven is not more than 20 years of imprisonment; there may also be a fine of up to $1,000,000.00, or both a fine and a

4

period of imprisonment; there is a mandatory term of supervised release of not less than 3 years following any period of imprisonment; and a $100.00 special assessment. If a person violates a term of probation or a condition of supervised release, a term of imprisonment may be imposed and an additional period of supervised release may be imposed to follow any period of imprisonment.

## IV.  COLLATERAL CONSEQUENCES

A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use, or carry a firearm, the right to hold elected office, the right to serve on a jury, the right to serve on a grand jury, or the right to vote during a period of confinement or supervised release.  If the defendant is not a U.S. Citizen, he may be deported frm the United States.  A person subject to deportation but which no country will accept may be subject to confinement for an indefinite period of time.

## V.  STIPULATION OF FACTS

A.  The parties agree that there is a factual basis for the guilty pleas that the defendant will tender pursuant to this plea agreement.  That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting

5

the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision. The parties stipulate and agree the Government's evidence at trial would establish the following as to Count Seven:

    (1)    On or about April 14, 2010,

    (2)    Within the State and District of Colorado,

    (3)    The defendant, ERIC LUGO,

    (4)    Knowingly possessed a quantity of a mixture and substance containing a detectable amount of cocaine,

    (5)    With intent to distribute said cocaine,

    (6)    And defendant did sell a quantity of said cocaine in a law enforcement controlled transaction with a Confidential Human Source of Information working with the ATF,

    (7)    Said suspected cocaine was submitted to a forensic laboratory for evaluation,

    (8)    The forensic laboratory evaluation was positive for cocaine and the net weight of the cocaine mixture and substance was approximately 49.5 grams, and

    (9) Cocaine is a Schedule II Controlled Substance.

    B.    The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual

6

stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

### VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A.  The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

B.  The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under § 6B1.4 of the Guidelines:

    (1)  The government asserts the base offense level for Count Seven is **14** under §2D1.1(c)(13) of the Sentencing Guidelines (at least 25 grams but less than 50 grams of a substance and mixture containing a detectable amount of cocaine).

(2)   There are no 2D1.1(b) Specific Offense Characteristic adjustment.

(3)   The parties stipulate there are no victim-related or obstruction adjustments. The government opposes any adjustment for role in the offense.

(4)   Provided the defendant files his notice of disposition by the deadline indicated above and withdraws or withholds his pretrial motions, the Government joins in the defendant's request that he receive the full two level (or three levels if the base offense level is above 16) acceptance of responsibility decrease under §3E1.1(a) and (b). If granted, according to the Government's calculations, the adjusted offense level would be **12**.

(5)   The defendant has two DWAI convictions from 1999, for which there was some jail time and probation extending into 2002. More recently, the defendant has several traffic or petty offense convictions. Government estimates the defendant qualifies for one criminal history point, making the defendant a Criminal History Category I. The defendant does not agree with the Government's estimate, asserts his total of countable Criminal History points should be lower, and further reserves the right to request a departure or a variance as to the defendant's Criminal History Category. The parties understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined

8

by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

(6) The defendant is eligible for "safety valve" consideration because and he has provided law enforcement with all the information and evidence the defendant has with respect to the offense of conviction and the common scheme or plan. Section 5C1.2. A two level reduction for the "safety valve" results in an adjusted offense level of **10**.

## GUIDELINES PREDICTION

(C) Count Seven is a Class C felony. See 18 U.S.C. Section 3559(a). The Guidelines' sentencing range for Count Seven, resulting from an adjusted offense level of **12**, Criminal History Category I, is Zone C sentence of 10-16 months of imprisonment that may include a term of supervised release substituting community confinement or home detention provided at least half the minimum term is satisfied by imprisonment and home confinement. See §5C1.1(d)(2). If the Court grants the "safety valve" adjustment, the Guidelines' sentencing range for Count Seven, resulting from an

adjusted offense level of **10**, Criminal History Category I, is Zone B sentence of 6-12 months of imprisonment that may include a term of probation that includes a condition or combination of conditions that substitute intermittent confinement, community corrections, or home detention for imprisonment. See §5C1.1(c)(2). The defendant reserves the right to advocate for a departure or variant sentence to probation with or without home detention or intermittent confinement under 5C1.1(d)(2). The maximum guideline range for Level 12, Criminal History Category VI is a term of imprisonment of 30-37 months. The maximum guideline range for Level 10, Criminal History Category VI is a term of imprisonment of 24-30 months. If the defendant has complied with the conditions of bond with no violations for the sixty days preceding the date of his sentencing hearing, provided further that the defendant has participated in a drug counseling program if suggested by his supervising probation officer, and provided further that the defendant qualifies under Sentencing Guidelines for a Zone B or C sentence including imposition of term of home detention, the Government agrees to recommend a sentence to probation including a term of home detention. The parties understand the Sentencing Guidelines are merely advisory to the Court and understands the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553. If the Court declines to follow suggestions by the Government or the defense, the defendant understands he will not be allowed to withdraw his guilty plea. The parties understand that the Court may impose a sentence up to the statutory maximum provided by law.

(E)     Pursuant to §5E1.2, the range of a fine for offense level 12 for the offense of conviction is $3,000.00 to $1,000,000.00.

(F)     In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not less than 3 years and a mandatory special assessment of $100.00 per count of conviction.

(G)     The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

(H)     No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. §3553 factors.

(I)     The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 9/22/12                By: _____
                                 DENNIS W. HARTLEY, ESQ.
                                 ATTORNEY FOR DEFENDANT LUGO

Date: 9/22/12                By: _____
                                 ERIC LUGO
                                 DEFENDANT

Date: 26 SEP 12              By: _____
                                 GUY TILL
                                 ASSISTANT U.S. ATTORNEY

N:\HLMC_LUGO_PLEA_AGREEMENT_18_Sep_Safety_Valve__mtd.wpd