IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERIC LUGO,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing: Order)

_____

Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 9:04 a.m., on the 14th day of January, 2013, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

DENNIS HARTLEY, Attorney at Law, 1749 East 8th Avenue, Suite 5, Colorado Springs, Colorado, 80906, appearing for the defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1         (The following proceedings were had and entered of
2    record after the Court heard the arguments of counsel and
3    statement of defendant:)
4         *THE COURT:*  Thank you.
5         Then I'll announce the sentence I intend to impose.
6    Of course, counsel, you'll have a final opportunity to make
7    legal objections before judgment is entered.  And if you
8    believe my reasoning is premised on error or I raise an issue
9    that you haven't had an opportunity to consider, you're invited
10   to request a continuance.
11        Imposition of a sentence in a federal criminal case is
12   governed by a number of statutes.  The umbrella statute is 18
13   U.S.C. Section 3553.  In imposing sentence in this case, as in
14   all cases, I'm required to consider the objectives and the
15   factors that are set out in that statute.  The statute requires
16   that the sentence be sufficient but not greater than necessary
17   to accomplish particular objectives:  The sentence must reflect
18   the seriousness of the offense; promote respect for the law;
19   provide just punishment; adequately deter criminal conduct;
20   protect the public from further crimes by the defendant; and
21   provide the defendant with needed educational or vocational
22   training, medical care, or other correctional treatment in the
23   most effective manner.
24        In order to fashion a sentence that meets these
25   objectives, the same statute tells me what factors to consider:

1  The nature and circumstances of the offense; the history and
2  characteristics of the defendant; the kinds of sentences that
3  are available; the sentence prescribed by the federal
4  sentencing guidelines; the need to avoid unwarranted sentence
5  disparities among defendants with similar records found guilty
6  of similar conduct; and in the appropriate case, the need for
7  restitution.
8           At the beginning of this hearing, I identified the
9  documents that I had studied in preparation for the hearing,
10 confirmed that counsel and the defendant had had adequate
11 opportunity to consider those, asked whether there were any
12 additional documents -- and two were provided to the probation
13 officer.  There is no request -- there is no dispute as to the
14 calculation of the sentence under the federal sentencing
15 guidelines.  There is no request for a departure.  There is no
16 request for a variance.
17          We begin, then, with the calculation under the federal
18 sentencing guidelines.  Here, the Base Offense Level for
19 violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(C) is set
20 by sentencing guideline 2D1.1.  The Base Offense Level is 14
21 pursuant to Section 2D1.1(c)(13).  There is a specific offense
22 characteristic in the sense that the defendant meets the
23 criteria for the safety valve reduction at Section 5C1.2.
24 There is a two-level reduction pursuant to Section
25 2D1.1(b)(16).  This results in a Total Offense Level of 12.

1   Then there is a downward adjustment for acceptance of
2   responsibility of two levels to a Total Offense Level of 10.
3           Then we turn to the criminal history of the defendant.
4   That's the second component in calculating a sentence under the
5   guidelines.  And the criminal history reflects only 1 criminal
6   history point.  That arises from driving while his ability was
7   impaired, a second offense, and that occurred in 1999.  With a
8   criminal history point of 1, he falls into Criminal History
9   Category I.
10          Now, I will note, however, that despite his Criminal
11  History Category of I, he has a repetition of motor vehicle
12  violations, beginning in 1999 and continuing through 2012.  I
13  suspect looking at some of these infractions, defective head
14  lamps and speeding, that they may have been pled down from some
15  other charge.  But I think it's important to note for purposes
16  of sentencing that there continues to be a problem in
17  compliance with traffic laws.
18          The Criminal History Category of I and an offense
19  level of 10 would result under the guidelines in a
20  recommendation of 6 to 12 months of incarceration, supervised
21  release of 3 years, or, alternatively, probation of 1 to 5
22  years, a fine of 2,000 to $1 million, and a special assessment
23  of $100.
24          As I indicated, there is no motion for a departure
25  under the guidelines, no request for a variance under 18 U.S.C.

1   Section 3553.

2           The probation officer has recommended a probationary
3   period of 3 years, subject to particular conditions, and no
4   fine.  I agree with both of those recommendations.  I'm
5   required to impose a special assessment of $100.

6           So summing up my analysis here, having considered the
7   provisions of 18 U.S.C. Section 3553, I intend to impose a
8   special assessment of $100.  I do not intend to impose a fine,
9   finding that the defendant lacks the ability to pay a fine.
10  And if a fine were imposed, it could result in hardship to
11  dependents as well.  The probationary period of 3 years, I
12  believe, is appropriate under these circumstances.

13          Mr. Lugo, I observe in your records several things.
14  First of all, you are a very sincere person; you have a good
15  heart; you want to do the right thing.  I'm not as satisfied
16  that you have the self-discipline, however, to make good
17  choices when choices are to be made.  And it is for that reason
18  that I believe that supervision on a probationary basis for a
19  period of 3 years is warranted.  The reference to not hanging
20  out with folks who might get you in trouble is a statement to
21  me that you don't yet recognize that you're responsible for
22  your conduct, not your friends.  And it doesn't matter who your
23  friends are; you have to hold the line as to your conduct.
24  That's a statement -- the statement you make about hanging out
25  with the correct kind of people is a statement of someone who

1  thinks he can be influenced by the wrong decisions of other
2  people, and I hope you get past that.
3            As to your intentions to do better, I see them as very
4  sincere, and I'm sure you will do your best.  But you need some
5  skills to go along with them.  It's not good enough, generally
6  speaking, to just want to do better.  It requires recognition
7  of those circumstances where you may be tempted to make a bad
8  choice and how to avoid making a bad choice.  And that is why I
9  intend to impose a condition on the probationary period of
10 completion -- participation in and completion of a program for
11 testing and/or treatment for substance abuse.
12           In addition to that, I am going to require that you
13 meet with the probation officer, as would ordinarily be
14 scheduled.  But one of the probation officers' duties will be
15 to look at your financial circumstances.  Financial
16 circumstances can often lead people to make decisions that they
17 regret.  And making sure that you're able to create a budget
18 and stick within a budget is important in making sure that
19 you're not tempted to engage in illegal activity in order to
20 supplement your income.  Therefore, I am going to make a
21 condition of probation that at least quarterly you will submit
22 to your probation officer proof of your income and your
23 expenses and the budget that you and the probation officer have
24 agreed upon.
25           Any need for clarification or further explanation?

1       *MR. TILL:*  Not by the Government, Your Honor.

2       *THE COURT:*  Is there a forfeiture that is requested
3  here?

4       *MR. TILL:*  No, Your Honor, there is not.

5       *THE COURT:*  Okay.

6       *MR. HARTLEY:*  None, Your Honor.

7       *THE COURT:*  Thank you.

8       The probation officer reminds me that home detention
9  is a condition of Zone B sentence.  I'm looking at the
10 recommendation of the probation office.  What was your
11 recommendation with regard to that?

12      *PROBATION OFFICER:*  Your Honor, I recommended a
13 variant sentence in order to waive the Zone B sentence.  The
14 only place I addressed it was in my justification on page R-2.
15 And I felt that because he had had -- he had had nine months
16 previously -- I understand that he had an issue with cocaine
17 use, but every time something went awry, the Probation
18 Department, and I believe with consultation with you or the
19 magistrate judge, they restricted him, and he got back in
20 compliance.  And I don't know that that's necessary currently.
21 So I thought the way to get around that is recommend a variance
22 versus a downward departure.

23      *THE COURT:*  All right.  That explains why the parties
24 didn't ask for a variance.

25      *PROBATION OFFICER:*  Probably.

1           *THE COURT:*  Probably.  It's helpful in the preparation
2    of your report to indicate the recommended sentence is a
3    variant sentence on page 2 of Exhibit A, right in the chart, so
4    that it becomes clear what it is that you're recommending.
5           *PROBATION OFFICER:*  Okay, Your Honor.  Sure.
6           *THE COURT:*  I don't disagree with your reasoning with
7    regard to that.  I'm not going to impose home detention here.
8    That does constitute a variant sentence even though the parties
9    have not asked for one.  I find that that is an appropriate
10   sentence to impose, having considered the provisions of 18
11   U.S.C. Section 3553.
12          Doesn't look like I have a sentencing statement here.
13   Hold on -- maybe --
14          Yep, I do.  It was loaded.  Thank you.
15          Then pursuant to the Sentencing Reform Act of 1984, it
16   is the judgment of the Court that the defendant, Eric Lugo, be
17   placed on probation for a term of 3 years.  While on probation,
18   he'll not commit another federal, state, or local crime; he'll
19   not possess a firearm as defined in 18 U.S.C. Section 921;
20   he'll comply with the standard conditions that have been
21   adopted by the Court.  He will not unlawfully possess a
22   controlled substance; he'll refrain from any unlawful use of a
23   controlled substance; he'll submit to at least one drug test
24   within 15 days of placement on probation and two periodic tests
25   thereafter; he'll cooperate in the collection of DNA as

 1  directed by the probation officer.

 2          And the Court finds that there are two special
 3  conditions of probation that are reasonably related to the
 4  factors enumerated in 18 U.S.C. Section 3553(a) and 3583(d).
 5  First, that he will participate in and successfully complete a
 6  program of testing and/or treatment for substance abuse as
 7  approved by the probation officer until such time as he's
 8  released from the program by the probation officer, and he will
 9  abstain from the use of alcohol and other intoxicants during
10  the course of treatment and shall pay for the cost of treatment
11  as directed by the probation officer.

12          In addition, I direct that at least quarterly he
13  present to the probation officer and review with the probation
14  officer his records of income and expenses and compliance with
15  a budget as determined by the defendant and the probation
16  officer.  No fine is imposed for the reasons specified.  The
17  defendant will, however, pay a special assessment of $100.

18          Mr. Lugo, I advise you of your right to appeal this
19  sentence.  If you choose to appeal, you must file a Notice of
20  Appeal with the Clerk of the Court within 14 days after
21  judgment is entered.  If -- ordinarily, Mr. Hartley would file
22  that notice for you.  If for some reason he's unable or
23  unwilling to do so, then you may request and I will direct the
24  Clerk of the Court to file a Notice of Appeal on your behalf.

25          Any objection to exonerating the bond at this time?

1     *MR. TILL:*  No, Your Honor.  Thank you.

2     *MR. HARTLEY:*  No, Your Honor.

3     *THE COURT:*  Any further business?

4     *MR. TILL:*  No.

5     *MR. HARTLEY:*  I would say that there was a waiver of
6  Notice of Appeal, except for certain conditions.

7     *THE COURT:*  I nevertheless give an advisement.

8     *MR. HARTLEY:*  I agree.  I understand.

9     *THE COURT:*  Thank you.

10    Then the defendant's bond is exonerated, and judgment
11 shall enter in accordance herewith.  Thank you all.  That will
12 conclude this hearing.  We'll stand in recess.

13    (Recess at 9:31 a.m.)

14                    REPORTER'S CERTIFICATE

15

16    I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
17

18    Dated at Denver, Colorado, this 15th day of January,
19 2013.

20                              s/Therese Lindblom

21                              _____
                                Therese Lindblom,CSR,RMR,CRR
22

23

24

25