IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERIC LUGO,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
CHANGE OF PLEA

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER,

Judge, United States District Court for the District of

Colorado, commencing at 3:32 p.m., on the 26th day of

September, 2012, in Courtroom 901A, United States Courthouse,

Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street,

Suite 700, Denver, Colorado, 80202, appearing for the

plaintiff.

    DENNIS HARTLEY, Attorney at Law, 1749 East 8th Avenue,

Suite 5, Colorado Springs, Colorado, 80906, appearing for the

defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1          P R O C E E D I N G S

2          *THE COURT:*  Court is convened today in Case No.

3    12-cr-10, which is encaptioned for purposes of today's hearing

4    as the United States of America v. Eric Lugo.  The matter is

5    set down for a change in plea.

6          Could I have entries of appearance, please.

7          *MR. TILL:*  Good afternoon, Your Honor.  Your Honor,

8    I'm Guy Till.  I'm an assistant U.S. attorney representing the

9    Government.

10         *THE COURT:*  Good afternoon and welcome.

11         *MR. TILL:*  Thank you, Your Honor.

12         *MR. HARTLEY:*  Good afternoon, Your Honor.  Dennis

13   Hartley for Eric Lugo, who appears to my left.

14         *THE COURT:*  Good afternoon and welcome.

15         Are you ready to proceed?

16         *MR. TILL:*  Yes, Your Honor.

17         *MR. HARTLEY:*  We are ready to proceed.

18         *THE COURT:*  Mr. Hartley, would you and your client

19   please approach the lectern.

20         This matter is before the Court for a change in the

21   defendant's plea, for rearraignment pursuant to Rule 10, and

22   for consideration of and advisement with regard to the parties'

23   plea agreement in accordance with Rule 11.

24         The record reflects that the defendant was first

25   charged in an Indictment filed with this Court on January 9,

1    2012.  He was charged in Counts 6, 7, and 32.  He was –– he

2    entered a plea of not guilty to those charges.

3            Mr. Till, was he charged in the Superseding

4    Indictments?

5            MR. TILL:  Yes, Your Honor, he was.

6            THE COURT:  In the First Superseding Indictment, found

7    at Docket 180, he was charged in Counts 6S, 7S, and 32S.  And

8    it looks like he was charged in the Second Superseding

9    Indictment as well, found at Docket No. 469.  He was charged in

10   Counts 28SS and 29SS.

11           Is that correct?

12           MR. TILL:  Yes, Your Honor, that's correct.

13           THE COURT:  All right.  And I understand that pursuant

14   to the terms of his written plea agreement, although he's

15   entered a plea of not guilty to all of those charges, he now

16   agrees to plead guilty to Count 7 of the original Indictment.

17   And in exchange for his plea of guilty to that charge, the

18   Government intends to dismiss all of the remaining charges; is

19   that correct?

20           MR. TILL:  That is correct, Your Honor.

21           THE COURT:  All right.  Would you please rearraign.

22           MR. TILL:  Yes, Your Honor.

23           Sir, are you the same Eric Lugo as charged in Count 7

24   of the original Indictment filed this case?

25           THE DEFENDANT:  Yes, sir.

1              *MR. TILL:*  Sir, in Count 7, the grand jury alleges

2     that on or about April 14, 2010, within the state and district

3     of Colorado, the defendant, Eric Lugo, knowingly possessed with

4     intent to distribute a quantity of a substance and mixture

5     containing a detectable amount of cocaine, a Schedule II

6     controlled substance.

7              Sir, do you understand you understand that charge?

8              *THE DEFENDANT:*  Yes, sir.

9              *THE COURT:*  Do you have any questions about it?

10              *THE DEFENDANT:*  No, sir.

11              *MR. TILL:*  Sir, today, how do you plead to the charge

12     in Count 7?  Do you plead not guilty, or do you plead guilty?

13              *THE DEFENDANT:*  I plead guilty.

14              *MR. TILL:*  Thank you, sir.

15              *THE COURT:*  As of this moment, Mr. Lugo, you're not

16     bound by your plea of guilty.  Indeed, you're not bound by this

17     plea until I accept it.  You can change your mind at any point

18     during the hearing until I accept your plea.

19              In order to accept your plea, I have to be sure that

20     you understand the charges that have been brought against you

21     and that you understand your choices and the consequences that

22     flow from those choices.  I have to be sure that your decision

23     to plead guilty is voluntary and you haven't been pressured

24     into that decision, and, ultimately, I have to find that there

25     is a factual basis to support your plea.

1           Throughout this hearing, I want you to let me know if

2   there is anything you do not understand or if you have any

3   questions.  If you can't hear me or you don't understand

4   something I say or ask, tell me.  And if you'd like to confer

5   with Mr. Hartley at any time, let me know, so that you can

6   take -- we can take a recess so that you can confer privately.

7           I begin by asking you a number of questions.  The

8   questions are not intended to trap, embarrass, insult, or

9   offend you.  The questions are important because your answers

10  are important.  It's your answers that I assess in order to

11  determine whether I can accept your plea or not.

12          Therefore, you must answer my questions truthfully and

13  completely.  Indeed, just like a witness, you take a solemn

14  oath promising to tell the truth.  And if you don't, your

15  answers can be used against you if an action is brought against

16  you for false statement or perjury.

17          Do you understand?

18          *THE DEFENDANT:*  Yes, ma'am.

19          *THE COURT:*  Do you want to proceed?

20          *THE DEFENDANT:*  Yes, Your Honor.

21          *THE COURT:*  Would you please administer the oath.

22          (Defendant sworn.)

23          Mr. Lugo, how old are you?

24          *THE DEFENDANT:*  35 years old.

25          *THE COURT:*  What level of school did you complete?

1          *THE DEFENDANT:*  Bachelor's.

2          *THE COURT:*  Do you have any difficulty reading or

3    writing?

4          *THE DEFENDANT:*  No, ma'am.

5          *THE COURT:*  Within the last 24 hours, have you taken

6    any medication?

7          *THE DEFENDANT:*  No, ma'am.

8          *THE COURT:*  Within the last 24 hours, have you used

9    any drug or alcohol?

10          *THE DEFENDANT:*  No, ma'am.

11          *THE COURT:*  To the best of your knowledge, have you

12    been -- ever been diagnosed with any form of mental illness?

13          *THE DEFENDANT:*  No.

14          *THE COURT:*  Is there anything about the way you feel

15    today physically or emotionally that prevents you from

16    understanding what is happening?

17          *THE DEFENDANT:*  No.

18          *THE COURT:*  Have you read and do you understand the

19    charges against you in the various Indictments?

20          *THE DEFENDANT:*  I do.

21          *THE COURT:*  Have you discussed them with Mr. Hartley?

22          *THE DEFENDANT:*  Yes, ma'am.

23          *THE COURT:*  Have you asked him all the questions you

24    had about these charges?

25          *THE DEFENDANT:*  I have.

1          *THE COURT:*  Has he answered all of your questions?

2          *THE DEFENDANT:*  He has.

3          *THE COURT:*  Are there any other questions you'd like

4     to ask him?

5          *THE DEFENDANT:*  There are none.

6          *THE COURT:*  Thank you.

7          Mr. Hartley, could you identify the plea agreement for

8     the record, please.

9          *MR. HARTLEY:*  Your Honor, the plea agreement is set

10    forth in Court Exhibit 1.

11         *THE COURT:*  Thank you.

12         Mr. Lugo, would you please turn to Court Exhibit 1.

13    Have you read this document?

14         *THE DEFENDANT:*  Yes, ma'am, I have.

15         *THE COURT:*  Have you discussed it with Mr. Hartley?

16         *THE DEFENDANT:*  I have, indeed.

17         *THE COURT:*  Have you asked him all the questions you

18    had about it?

19         *THE DEFENDANT:*  Yes, ma'am, I have.

20         *THE COURT:*  Has he answered all your questions?

21         *THE DEFENDANT:*  Yes, ma'am.

22         *THE COURT:*  This document has a lot of legal language

23    in it.  Do you understand what it says and what it means?

24         *THE DEFENDANT:*  I do.

25         *THE COURT:*  Does it reflect all of your agreement with

1      the Government?

2              *THE DEFENDANT:*  It does.

3              *THE COURT:*  Did you sign it?

4              *THE DEFENDANT:*  I did.

5              *THE COURT:*  Would you look at the last page of it.  Is

6      that your signature?

7              *THE DEFENDANT:*  Yes, it is.  Yes.

8              *THE COURT:*  Thank you.  Would you now turn to page 3,

9      please.  If you look at the paragraph that is enumerated

10     paragraph D on that document, there is some additional rights

11     that you are waiving in the context of this agreement.

12              Ordinarily, you would have a right to appeal from the

13     sentence that is imposed.  But here, you're giving up that

14     right, except in some very limited circumstances.  You will

15     only be able to appeal from your sentence if it exceeds the

16     maximum penalty provided by the statute of conviction or, after

17     determining the sentencing range, I depart upward from that

18     range or vary upwardly in imposing sentence, or if I determine

19     that the adjusted offense level is greater than 14, and I

20     impose a sentence based on that offense level determination.

21              In addition, you're giving up your right to

22     collaterally attack both the prosecution and your conviction

23     and your sentence in that case.  We sometimes talk about that

24     as being a petition for writ of habeas corpus.  You can do so

25     under 28 U.S.C. Section 2255.  But you're waiving that right

1      except in some very limited circumstances as well.  You'll only

2      be able to do so if there is an explicitly retroactive change

3      in the applicable guidelines or sentencing statute or if there

4      is a claim that you were denied effective assistance of counsel

5      or if you make a claim of prosecutorial misconduct.

6              Now, there is one caveat to all of these waivers that

7      you're making here, and that is if the Government appeals the

8      sentence that is imposed, you're released from all of these

9      waivers.  Do you understand that?

10             *THE DEFENDANT:*  Yes, ma'am.

11             *THE COURT:*  Mr. Hartley, does Exhibit 1 also bear your

12     signature?

13             *MR. HARTLEY:*  It does.

14             *THE COURT:*  Did you review the plea agreement with

15     your client?

16             *MR. HARTLEY:*  I certainly did, Your Honor.

17             *THE COURT:*  He says that you answered all of his

18     questions.  Are you satisfied that he understands the contents

19     of Exhibit 1?

20             *MR. HARTLEY:*  I am.

21             *THE COURT:*  Did you review the discovery in this case?

22             *MR. HARTLEY:*  We did.

23             *THE COURT:*  Does it comport with the facts recited in

24     the plea agreement?

25             *MR. HARTLEY:*  Yes.

1              *THE COURT:*  It does?

2              *MR. HARTLEY:*  It does, yes.

3              *THE COURT:*  Thank you.

4              Mr. Till does Exhibit 1 also bear your signature?

5              *MR. TILL:*  It does, Your Honor.

6              *THE COURT:*  Thank you.

7              Mr. Lugo, in Exhibit 1, beginning on page 6, the

8    document contains what the Government believes it could prove

9    at trial, the facts that it could prove at trial.  You're

10   admitting that these facts are true by entering into this

11   agreement, and I'll treat them as true for purposes of

12   considering your plea and also for purposes of sentencing.

13   Therefore, I'll ask Mr. Till to read the facts you're agreeing

14   to.  Listen closely to what he says.  And if you have any

15   disagreement with the facts as stated by Mr. Till, you must let

16   me know.  Do you understand?

17             *THE DEFENDANT:*  Yes, I do.

18             *THE COURT:*  All right.  Mr. Till, would you please

19   state the facts that the Government believes it can prove and

20   to which the defendant is agreeing.

21             *MR. TILL:*  Yes, Your Honor.

22             Your Honor, if we went to trial in this matter, the

23   evidence would show that in April of 2010, within the state and

24   district of Colorado, the defendant, Mr. Eric Lugo, knowingly

25   possessed a quantity of a mixture and substance containing a

1    detectable amount of cocaine with the intent to distribute said

2    cocaine.  And, further, that the defendant did sell a quantity

3    of said cocaine in a law enforcement controlled transaction

4    through a confidential human source of information working with

5    the ATF, and that they -- doesn't say here, but it was

6    recorded, the conversation -- and that said suspected cocaine,

7    which is purchased by the confidential human source, was

8    submitted to a forensic laboratory for evaluation.  The

9    forensic laboratory evaluation was positive for cocaine.  And

10   the net weight of the cocaine mixture and substance was

11   approximately 49.5 grams.  And cocaine is a Schedule II

12   controlled substance.

13        THE COURT:  Mr. Till, these statements really are some

14   factual conclusions and some legal conclusions.  What are the

15   underlying facts that this defendant is agreeing to?

16        MR. TILL:  He met with the confidential human source,

17   who was working with the ATF, and negotiated for the sale of

18   approximately 2 ounces of cocaine.  The confidential human

19   source paid him money.  He gave the confidential human source

20   the cocaine.  The cocaine was tested by a forensic laboratory.

21   The cocaine net weight was 49.5 grams of a mixture and

22   substance containing cocaine, Your Honor.

23        THE COURT:  All right.  Thank you.

24        Mr. Lugo, are these facts true?

25        THE DEFENDANT:  Yes, ma'am.

1           THE COURT:  Then let's talk about penalty here.

2           The statutory penalty for the crime charged in Count 7

3     of the original Indictment is a maximum of 20 years of

4     imprisonment, a maximum fine of a million dollars, both a fine

5     and a term of imprisonment can be imposed, there is a mandatory

6     term of supervised release of not less than 3 years, and there

7     is a mandatory special assessment of $100.

8           Now, in the federal system, we don't measure terms of

9     imprisonment in terms of years; we measure terms of

10    imprisonment in terms of months.  There is no automatic

11    reduction.  There is no parole.  That means that every month

12    that you're sentenced to serve, you'll serve.  There are a

13    limited number of ways you can reduce a sentence, but some of

14    those, you've waived in this agreement.

15          First is through a motion brought shortly after

16    judgment is entered.  Another way is through a successful

17    appeal and resentencing, but you'll recall that you've waived

18    your right to appeal except under very limited circumstances.

19    A third is through a successful collateral attack, but then you

20    remember that you waive those rights too except under limited

21    circumstances.  And, finally, the Bureau of Prisons has

22    discretion to give you good time credit of 54 days per year

23    against your sentence if you follow its rules and regulations.

24    The Bureau of Prisons makes that determination on an annual

25    basis, and it's purely discretionary with them.

1          Now, after completion of a term of imprisonment, there

2    is a term of supervised release.  Here, it's not less than

3    three years.  Now, when you're on supervised release, your

4    behavior is monitored by a probation officer, and you're

5    required to comply with particular terms and conditions.  These

6    conditions regulate your behavior, telling you what you can and

7    cannot do and what you must and must not do.

8          They fall into two categories, standard conditions and

9    special conditions.  Standard conditions are numerous, and I'm

10   not going to review all of them with you, but I will bring

11   three to your attention.  You can't commit any new crimes,

12   state, federal, or local; you can't use, sell, or possess any

13   illegal substance; and you can't use, sell, or possess any

14   prohibited firearms and destructive devices.  Now, in addition

15   to all of the many standard conditions, there are -- there can

16   be special conditions imposed, and these are unique to you and

17   to your particular circumstances.  They may include a variety

18   of different things, periodic drug tests, mandatory

19   participation in drug rehabilitation programs or alcohol

20   rehabilitation programs or mental health counseling or other

21   rehabilitation programs.  And you may be required to pay for

22   them.

23          Now, the important thing about these conditions,

24   standard and special, they're mandatory.  They're not optional.

25   And you have to follow all of them all of the time.  It's not

1   good enough to just try, and it's not good enough to follow

2   some of them but not others.  If you violate any of these

3   conditions, the Government can bring you back to this courtroom

4   or another courtroom and ask to have your supervised release

5   term revoked.  And if it's revoked, you can be sent back to

6   prison for another term.

7          Now, the penalty that will be imposed here is not just

8   a function of the statute of conviction.  There are other

9   statutes that come into play.  And the most important of those

10  is 18 U.S.C. Section 3553.  That statute is applicable in all

11  sentencing decisions by a federal court.  And it requires the

12  Court to impose a sentence that is sufficient but not greater

13  than necessary to satisfy particular objectives.  So your

14  sentence, like all other sentences, must promote respect for

15  the law, provide just punishment, adequately deter criminal

16  conduct, protect the public from further crimes by you, and

17  provide you with needed educational or vocational training,

18  medical care, or other correctional treatment in the most

19  effective manner.

20         In order to fashion a sentence that meets these

21  objectives, the same statute tells me what factors to consider

22  in fashioning a sentence.  I consider the nature and

23  circumstances of the offense, your history and characteristics,

24  the kinds of sentences that are available, what the federal

25  sentencing guidelines would require, the need to avoid

1    unwarranted sentence disparities among defendants with similar

2    records found guilty of similar conduct, and in the appropriate

3    case, the need for restitution.

4         In your plea agreement, there is a calculation as to

5    how the attorneys believe the federal sentencing guidelines

6    will apply, and you find this beginning on page 9.  It's called

7    guidelines prediction; and that's exactly what it is, is a

8    prediction.  The calculation you find there is not binding on

9    the Court.  There is no guaranteed sentence.  What it is is a

10   prediction based upon what the attorneys know at the time --

11   knew at the time that you entered into this plea agreement.

12   But you should understand a couple things about these

13   calculations.  As I said, they're not binding.  And at the time

14   of sentencing, we won't be referring to this document.  We'll

15   be referring to another document, the presentence investigation

16   report.  And that is prepared by a probation officer of the

17   court.  It also contains a calculation under the federal

18   sentencing guidelines.  Sometimes they don't match, and that

19   may be because the information that the probation officer has

20   is different or more complete than what the attorneys have when

21   you entered into the agreement.

22         You and your attorney, Mr. Hartley, will meet with the

23   probation officer before the presentence report is prepared,

24   and you'll get a chance to look at the report after it is

25   prepared.  If you have a disagreement with anything in the

 1    report, you can bring it to the attention of the probation

 2    officer.  And if the probation officer doesn't adequately

 3    address your concern, then you can raise it at the time of

 4    sentencing.  But that's one reason why you want to look at the

 5    report after it's prepared, is because it will have a

 6    sentencing guideline calculation in it.

 7            Finally, you should understand that the calculation

 8    under the guidelines is only one factor that I consider in

 9    determining your sentence.  It's an important factor, but it's

10    not the only one.  It's a starting point, but it's not

11    necessarily the ending point.  And that's because your sentence

12    has to comport with the statute.  It has to meet the statutory

13    objectives.  And if the calculated sentence under the

14    guidelines doesn't do that, then I can impose a non-guideline

15    sentence.  Sometimes people call that a variant sentence or a

16    statutory sentence, but it all means the same thing.  It means

17    a sentence outside the guideline range, and that can be higher

18    than the guideline range or lower than the guideline range,

19    whatever is necessary in order to meet those sentencing

20    objectives.

21            Now, your sentencing hearing will occur a number of

22    weeks from now.  As I've told you, the presentence report will

23    be prepared by a probation officer.  But you shouldn't be

24    confused by that term; it has nothing to do with the penalty to

25    be imposed; it's just the title of the person preparing the

1    report.

2         At the sentencing hearing, the attorneys will make

3    arguments as to what sentence they think is appropriate with

4    regard to your conviction.  And that might include arguments

5    about the guidelines or about the accuracy of the presentence

6    report or about whether a non-guideline sentence should be

7    imposed, or any other fact or issue that bears on sentencing.

8         You will have an opportunity to make a statement, but

9    other than your attorney, no one may make a statement on your

10   behalf during sentencing.  If there are folks that want to say

11   something about you and your character, they may do so in a

12   letter that is sent to the probation officer.  Not to me, but

13   to the probation officer who prepared the presentence report.

14   It will be attached to the presentence report, and it will be

15   filed with the Court under restriction.

16        Do you understand the objectives and factors that I'll

17   be evaluating in determining your sentence?

18        *THE DEFENDANT:*  Yes, Your Honor.

19        *THE COURT:*  Do you understand the maximum sentence

20   that can be imposed?

21        *THE DEFENDANT:*  Yes, Your Honor.

22        *THE COURT:*  Do you understand that there are certain

23   minimum requirements for the sentence?

24        *THE DEFENDANT:*  Yes, Your Honor.

25        *THE COURT:*  Do you understand that the charge you're

 1    pleading guilty to is a felony conviction?

 2         THE DEFENDANT:  I do.

 3         THE COURT:  Do you understand that this may affect

 4    your civil rights, including your right to vote, hold public

 5    office, serve on a jury, or possess a firearm?

 6         THE DEFENDANT:  Yes, Your Honor.

 7         THE COURT:  It may also affect your ability to obtain

 8    certain licenses.  Now, do you understand the sentence that is

 9    imposed may be more severe than what is calculated in Exhibit

10    1?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Do you understand that no matter what the

13    sentence is, if I accept your plea today, you won't be able to

14    withdraw it at the time of sentencing?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Do you have any questions about

17    sentencing?

18         THE DEFENDANT:  I do not.

19         THE COURT:  Thank you.

20         Mr. Hartley, could you identify the statement in

21    advance, please.

22         MR. HARTLEY:  I would.  Statement in advance of plea

23    of guilty, Your Honor, is designated Court Exhibit 2.

24         THE COURT:  Thank you.

25         Mr. Lugo, would you look at Exhibit 2, there.  Have

1     you read this document?

2              THE DEFENDANT:  I have, Your Honor.

3              THE COURT:  Have you discussed it with Mr. Hartley?

4              THE DEFENDANT:  Indeed, I have, yes.

5              THE COURT:  Asked him all the questions you had?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Has he answered all of those questions?

8              THE WITNESS:  Yes, he has.

9              THE COURT:  Any other questions you want to ask him?

10             THE DEFENDANT:  No, ma'am.

11             THE COURT:  Did you sign that document?

12             THE DEFENDANT:  I did.

13             THE COURT:  Would you look at the last page.  Is that

14    your signature?

15             THE DEFENDANT:  Yes, it is.

16             THE COURT:  Thank you.  Let's go over the

17    constitutional rights you're giving up, then, today by making

18    your plea of guilty.

19             Under the United States Constitution, you have certain

20    rights and protections, and you're giving up a number of those

21    today by entering your plea of guilty.  First and foremost,

22    you're entitled to have the charge -- a charge such as this

23    determined by a jury, in a jury trial.  Now, ordinarily, that

24    trial would take place in this courtroom.  And the jury would

25    sit over to my left in the jury box.  Twelve people would serve

1   on the jury, and you and your attorney and the Government's

2   attorney would all participate in the selection of the folks

3   who would serve on the jury.  You and the Government could

4   excuse any juror who could not be fair and impartial or was

5   unable or unwilling to apply the law.  Then you could also

6   excuse ten people, and the Government could excuse six people

7   without giving any reason whatsoever.

8           Once the jurors are selected, they all take a solemn

9   oath promising to consider only the evidence presented here in

10  this courtroom and to follow the instructions that they are

11  given as to the law.  One of the instructions I give them tells

12  them that they cannot convict you unless they unanimously agree

13  that the Government has proven every element of the charge

14  beyond a reasonable doubt.  That means that if any one of the

15  jurors has a reasonable doubt as to the Government's proof on

16  any element, you can't be convicted.

17          Now, during the trial you have some other

18  constitutional rights.  For example, the right to remain

19  silent.  That right protects you from being called to the

20  witness stand and having to answer questions.  It means that

21  the jury can't consider your silence in determining whether the

22  Government has proved their case.  It means that even though

23  you remain silent, your attorney doesn't have to.  In fact, he

24  can cross-examine all the witnesses, challenge the evidence,

25  make arguments to me and arguments to the jury.  And it also

1    means, because it's a right, you can waive it.  You can testify

2    if you want to, and you can put on evidence if you want to.  If

3    there are witnesses you want to call to testify in your behalf,

4    and they're reluctant to come forward, I would compel them to

5    come forward and testify.

6            Now, you also have another constitutional right, and

7    that's the right to be represented by counsel, and where you

8    can't afford counsel, to have counsel represent you without any

9    cost to you.  Mr. Hartley's represented you thus far in this

10   case, but I can assure you that if you would prefer to go to

11   trial rather than to proceed with this plea agreement, he would

12   represent you ably and well at trial.

13           And if you went to trial and you were convicted, you

14   could appeal both from your conviction and from your sentence.

15   But by virtue of the term of this agreement, you will not be

16   able to appeal from your conviction, and for the most part, you

17   won't be able to appeal from your sentence.

18           Do you understand that you will waive your right to a

19   jury trial and other constitutional rights associated with it

20   if you proceed with your plea of guilty?

21           THE DEFENDANT:  I do.

22           THE COURT:  Is that what you want to do?

23           THE DEFENDANT:  Yes, it is, Your Honor.

24           THE COURT:  Has anybody pressured you to make this

25   plea today?  And before you respond, let me define "anybody."

1    It really means anybody.  That includes your family and your

2    friends and your neighbors and your associates, or your

3    partners or business colleagues or anybody you've dealt with in

4    law enforcement or anybody you've dealt with here at the

5    courthouse or even the attorneys or anybody else.  Has anybody

6    pressured you to enter this plea today?

7         THE DEFENDANT:  No, ma'am.

8         THE COURT:  Has anybody promised you something that

9    isn't in the plea agreement?

10        THE DEFENDANT:  No, ma'am.

11        THE COURT:  Have you had enough time to review and

12   consider and discuss your plea and plea agreement with

13   Mr. Hartley?

14        THE DEFENDANT:  I have.

15        THE COURT:  Are you satisfied with him as your

16   attorney?

17        THE DEFENDANT:  I am.

18        THE COURT:  Do you have any concerns, complaints, or

19   criticism about the legal representation you've received?

20        THE DEFENDANT:  No.

21        THE COURT:  Do you want to ask Mr. Hartley any

22   questions?

23        THE DEFENDANT:  No.

24        THE COURT:  Do you have any questions for me?

25        THE DEFENDANT:  I do.  Do you have -- you did say that

1    the mandatory -- there is a mandatory 3-year --

2            THE COURT:  Yes.

3            THE DEFENDANT:  Okay.

4            THE COURT:  Of supervised release.

5            THE DEFENDANT:  Okay.

6            THE COURT:  Well, then, now is the time to finalize

7    your decision.  This plea agreement, the one you and I have

8    been discussing, Exhibit 1, do you still want to proceed with

9    it?

10           THE DEFENDANT:  I do.

11           THE COURT:  Do you still want to plead guilty to the

12   charge in Count 7 of the original Indictment?

13           THE DEFENDANT:  I do.

14           THE COURT:  Mr. Hartley, any reason not to accept the

15   plea and plea agreement?

16           MR. HARTLEY:  I know of none, Your Honor.

17           THE COURT:  Thank you.

18           Mr. Till.

19           MR. TILL:  No reason not to accept the plea or the

20   plea agreement, Your Honor.

21           THE COURT:  Thank you.  The agreement anticipates that

22   the Government will dismiss the remaining charges in the first

23   Indictment and the First Superseding Indictment and the Second

24   Superseding Indictment.  Are you prepared to do that today?

25           MR. TILL:  Yes, Your Honor.  I'd like to make an oral

 1    motion at this time.

 2          *THE COURT:*  All right.  The sentencing guidelines

 3    require a showing that the remaining charge, which is Count 7,

 4    reflects the seriousness of the actual offense behavior.  Does

 5    it?

 6          *MR. TILL:*  It does.

 7          *THE COURT:*  And it also requires that the agreement

 8    satisfy the statutory purposes of sentencing.  Does it?

 9          *MR. TILL:*  It does, Your Honor.

10          *THE COURT:*  Thank you.

11          I assume there is no objection.

12          *MR. HARTLEY:*  No, ma'am.

13          *THE DEFENDANT:*  No.

14          *THE COURT:*  Do either of you desire to supplement the

15    record?

16          *MR. HARTLEY:*  I do not.

17          *MR. TILL:*  Your Honor, the Government does not object,

18    and in fact, we would agree that Mr. Lugo should continue on

19    bond after the Court accepts his plea.

20          *THE COURT:*  Thank you.  Then based upon the record

21    made in open court this afternoon in Case No. 12-cr-10,

22    encaptioned for purposes of this hearing as the United States

23    of America v. Eric Lugo, I hereby find that the defendant is

24    fully competent to enter an informed plea.  He's been

25    represented through the course of this case and this

1    proceeding.  He has no objection, criticism, or complaint as to

2    the representation he's received.  He's aware of the nature of

3    the charges against him and the effects and consequences of his

4    plea of guilty.  He has knowingly and voluntarily waived

5    fundamental constitutional rights, including his right to a

6    jury trial.  He understands that the penalty to be imposed by

7    the Court will be based in part on the facts stated in the plea

8    agreement and those recited here in the courtroom and that the

9    penalty may exceed the estimate in the plea agreement.  His

10   plea of guilty is voluntary and knowingly made.  The charge and

11   plea is supported by an independent basis in fact.

12          It's therefore ordered that Court Exhibits 1 and 2 are

13   received.  The plea as made in open court today is accepted,

14   and the defendant is adjudged guilty as charged in Count 7 of

15   the original Indictment.

16          The Government's motion to dismiss all of the

17   remaining counts in the original Indictment and the First

18   Superseding Indictment and the Second Superseding Indictment is

19   granted, but the effect of this order is stayed until the time

20   of sentencing.

21          The Probation Department will conduct a presentence

22   investigation and submit a presentence report as required by

23   Rule 32.  And the defendant with the assistance of counsel will

24   participate in the investigation and cooperate fully with the

25   Probation Department.

1          It looks like to me that you all have agreed on a

2    sentencing date of January 14 at 9 o'clock a.m.; is that right?

3          MR. HARTLEY:  I don't believe so, Your Honor.  I'm

4    going to be out of the country on the 14th.  If I did before,

5    it was before my wife made arrangements for a trip.

6          THE COURT:  All right.  Well, then, you need to set a

7    new sentencing date.  I don't think we're prepared to do that

8    today.  So you're going to have to contact chambers and set a

9    sentencing date.  Please do so by the end of the week.

10         MR. TILL:  We can do that, Your Honor.

11         THE COURT:  Okay.

12         MR. HARTLEY:  Can we go back after the hearing --

13         THE COURT:  Ms. Aguero isn't that here to do that for

14   you.

15         MR. HARTLEY:  I'm sorry?

16         THE COURT:  Ms. Aguero isn't here to do that for you.

17   I'm sorry.

18         The trial in this matter was vacated upon the filing

19   of the notice of disposition.  I don't see any pending motions.

20   Did I overlook any?

21         MR. TILL:  I don't think so, Your Honor.

22         THE COURT:  Mr. Hartley, any pending motions?

23         MR. HARTLEY:  There was a pending motion under *Roviaro*

24   and a motion to suppress pursuant to that particular motion.

25   We can either withdraw those motions at this time, Your Honor,

1   or whatever the Court --

2          THE COURT:  That's fine if you want to withdraw them,

3   or I'll deny them as moot.

4          MR. HARTLEY:  Let's just withdraw them.

5          THE COURT:  The motions are withdrawn.  I don't have

6   docket numbers for them, so I can't tell you what those docket

7   numbers were.

8          Mr. Hartley, do you have those docket numbers?

9          MR. HARTLEY:  I do not, but I'll send them up and

10  supplement the record.

11         THE COURT:  Thank you.

12         Any other issues that we need to address today?

13         MR. TILL:  Not for the Government, Your Honor.

14         MR. HARTLEY:  I have nothing, Your Honor.

15         THE COURT:  Thank you.  Then that will conclude our

16  hearing.  The terms and conditions of bond will remain in

17  effect, Mr. Lugo, until the time of sentencing.  Please be sure

18  and confer with Mr. Hartley as to when the sentencing hearing

19  is going to be, because if you don't appear at the time of the

20  sentencing hearing, the Government can request and I could

21  issue a warrant for your arrest.

22         Thank you, counsel, Mr. Till and Mr. Hartley; thank

23  you to our court staff and our marshal staff.  That will

24  conclude this matter, and we'll stand in recess.

25         MR. HARTLEY:  Thank you.

1          (Recess at 4:07 p.m.)

2                     REPORTER'S CERTIFICATE

3

4          I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.

5

6          Dated at Denver, Colorado, this 22nd day of August, 2013.

7                                    s/Therese Lindblom

8                              _____

9                              Therese Lindblom,CSR,RMR,CRR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25