IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERIC LUGO,

    Defendant.
_____

**REPORTER'S TRANSCRIPT**
Sentencing Hearing
_____

Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 9:04 a.m., on the 14th day of January, 2013, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

DENNIS HARTLEY, Attorney at Law, 1749 East 8th Avenue, Suite 5, Colorado Springs, Colorado, 80906, appearing for the defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

```
 1                    P R O C E E D I N G S
 2          THE COURT:  We're convened this morning in Case No.
 3   12-cr-10, encaptioned the United States of America v. Eric
 4   Lugo.  The matter is set down for sentencing.
 5          Could I have entries of appearance, please.
 6          MR. TILL:  Good morning, Your Honor.  Your Honor, I'm
 7   Guy Till.  I'm an assistant U.S. attorney representing the
 8   Government this morning.
 9          THE COURT:  Good morning and welcome.
10          MR. TILL:  Thank you.
11          MR. HARTLEY:  Dennis Hartley for Eric Lugo.  He is
12   present on my left.
13          THE COURT:  Good morning and welcome.
14          Are you ready to proceed?
15          MR. TILL:  Yes, Your Honor.
16          MR. HARTLEY:  We are.
17          THE COURT:  Thank you.
18          Mr. Hartley, would you and your client please approach
19   the lectern.
20          This matter is before the Court for purposes of
21   sentencing.  The record reflects that the defendant was charged
22   on January 9, 2012, in a 32-count Indictment filed in this
23   court.  He was charged in Count 6 with possession with intent
24   to distribute cocaine in violation of 21 U.S.C. Section
25   841(a)(1) and (b)(1)(C), in Count 7 with possession to
```

1    distribute cocaine in violation of 21 U.S.C. 841(a)(1) and
2    (b)(1)(C) and 18 U.S.C. Section 2, and in Count 32 with using
3    and maintaining a drug-involved premise and aiding and abetting
4    in violation of 21 U.S.C. Section 856(a)(1) and (2) and (b) and
5    18 U.S.C. Section 2.  There also was a forfeiture allegation
6    brought pursuant to 18 U.S.C. Section 3665.
7         A Superseding Indictment was filed on February 6,
8    2012, charging the defendant with the same counts.  Then
9    another Superseding Indictment was filed on June 5, 2012.  And
10   in this Indictment the defendant was charged in Count 28 with
11   possession with intent to distribute cocaine in violation of 21
12   U.S.C. Section 841(a)(1) and (b)(1)(C) and in Count 29 with
13   possession with intent to distribute cocaine and aiding and
14   abetting in violation of 21 U.S.C. Section 841(a)(1) and
15   (b)(1)(C) and 18 U.S.C. Section 2.  Again, a forfeiture
16   allegation was contained.
17        The defendant entered a plea of not guilty to all of
18   the charges that were brought against him.  But pursuant to a
19   written plea agreement on September 26, 2012, found at Docket
20   No. 660, he changed his plea to a plea of guilty to Count 7 of
21   the original Indictment.  At the Rule 11 hearing, I accepted
22   his plea to Count 7, and he was adjudged guilty as charged.
23   The Government orally moved to dismiss all of the remaining
24   counts in the original Indictment and Superseding Indictments,
25   and I granted that motion, but the presentence report should be

1   amended to reflect that that order was stayed until the time of
2   sentencing.
3           In preparation for today's sentencing hearing, I've
4   had the opportunity to study a number of documents:  Docket No.
5   786, which was the initial presentence report; 792, final
6   presentence report; an addendum at 793; a response by the
7   defendant at 794; and a second addendum at 796.
8           Let me inquire of you, counsel, whether you and the
9   defendant have had adequate opportunity to review and consider
10  these documents.
11          *MR. HARTLEY:*  We have.
12          *THE COURT:*  Mr. Till.
13          *MR. TILL:*  Yes, Your Honor.
14          *THE COURT:*  Is there any dispute as to the factual
15  contents in the presentence report.
16          *MR. TILL:*  Not from the Government, Your Honor.
17          *MR. HARTLEY:*  Minor, Your Honor.  And the objections
18  we filed are cosmetic, basically, in nature.  I have in my hand
19  a position from Independence House, where Mr. Lugo has been
20  getting treatment, where he has excellent reviews, and
21  recommend that he would be terminated in two to three months
22  and reduced from bi-weekly to monthly attendance at
23  Independence House.
24          The other thing I would bring to the Court's attention
25  that I have reviewed --

1        *THE COURT:* First of all, let me interrupt.  Why don't
2   you give that to the probation officer.  That needs to be
3   attached to the presentence report.
4        *MR. HARTLEY:* I also have his educational loans, which
5   show a balance of $33,967.52, which was also -- two separate
6   loans, I'm sorry, Your Honor.  One is for $27,285.90, the other
7   is for $33,667.52.  And those would be more accurately
8   reflective of his student loans that are outstanding.
9        *THE COURT:* Have you given that information to the
10  probation officer?
11       *MR. HARTLEY:* I just received it.
12       *THE COURT:* Okay.  Thank you.
13       Do you need a determination with regard to any of the
14  objections you've made?
15       *MR. HARTLEY:* No.
16       *THE COURT:* Thank you.
17       Any dispute as to the calculation of the sentence
18  under the federal sentencing guidelines as stated in the
19  presentence report?
20       *MR. TILL:* Not from the Government, Your Honor.
21       *THE COURT:* Mr. Hartley.
22       *MR. HARTLEY:* We have nothing.
23       *THE COURT:* Any request for a departure under the
24  guidelines?
25       *MR. TILL:* Your Honor, to the extent the probation

1   officer is recommending a variant sentence because of giving

2   credit for basically being on a monitoring program before

3   sentence is imposed, the Government would support the Probation

4   Department's recommendation in that regard.  I'm not sure if

5   that falls into the category --

6           *THE COURT:*  It does not.  It's not a departure.

7           *MR. HARTLEY:*  We have nothing to add to the Probation

8   Department's recommendation, Your Honor.

9           *THE COURT:*  Okay.  Well, let's see if we can go back

10  here and make a good record.  No request for departure under

11  the guidelines, right?

12          *MR. HARTLEY:*  No, ma'am.

13          *MR. TILL:*  No, Your Honor.

14          *THE COURT:*  Ad no request for a variance; is that

15  correct?

16          *MR. HARTLEY:*  That's correct.

17          *THE COURT:*  And the Government has never responded to

18  the objections to the presentence report.  The rules of this

19  court changed effective December 1, requiring the Government to

20  respond to objections.  So I'll treat all of those objections

21  as sustained.

22          *MR. TILL:*  All right, Your Honor. Thank you.  I

23  apologize.

24          *THE COURT:*  Then we'll move to allocution.

25          Mr. Hartley.

1     *MR. HARTLEY:*  Your Honor, I really don't have a lot to
2  add to the presentence investigation report.  My client has
3  been on bond for some time.  He did serve a substantial amount
4  of presentence confinement.  He has done well.  His one --
5  which is not a minor slipup, but one violation landed him into
6  a treatment program, which he is doing very well in, as I
7  stated earlier to the Court.  Therefore, I would ask the Court
8  to impose the recommended sentence and have that as -- at a
9  minimum period of time of one year.
10              *THE COURT:*  I'm sorry, a period of probation for one
11  year?
12              *MR. HARTLEY:*  Yes, ma'am.
13              *THE COURT:*  Is that what you're thinking?
14              *MR. HARTLEY:*  Yes.
15              *THE COURT:*  Well, the recommendation here is three
16  years.
17              *MR. HARTLEY:*  Well, I would ask that this court impose
18  a minimum of one year.
19              *THE COURT:*  Okay.
20              Thank you.
21              Let me hear from Mr. Lugo.  What would you like me to
22  know?
23              *THE DEFENDANT:*  Good morning, Your Honor.  I would
24  like you to know that I'm at a point in my life where I turned
25  my life over to God.  I definitely recognize the errors of my

1   ways.  I've caused great grief not only on myself but on my
2   family, and I would definitely not -- like this in my family,
3   and I've -- I feel I caused great disgrace.  Since then, I've
4   worked to better myself.  And I look forward to being able to
5   move on now and put this behind me, and there -- just trust
6   everything to God.
7           *THE COURT:*  What are you going to do in your future
8   behavior to prevent this problem in the future?
9           *THE DEFENDANT:*  I'm going to definitely going to watch
10  who I hang around with.  Definitely not going towards those --
11  the behaviors and the habits that caused me to get into the
12  situation that I did.  And just keep my mind focused on my kids
13  and get them back into my -- into my custody so we can be a
14  family again, and stay close to God.
15          *THE COURT:*  Well, there is a recommendation here that
16  you participate in a program of testing and treatment for
17  substance abuse.  Do you plan on doing that?
18          *THE DEFENDANT:*  Yes, ma'am.
19          *THE COURT:*  Do you plan on doing everything they tell
20  you to do?
21          *THE DEFENDANT:*  Absolutely.
22          *THE COURT:*  Okay.  Do you plan on maintaining the
23  lessons that you learn in that program?
24          *THE DEFENDANT:*  Absolutely.
25          *THE COURT:*  All right.  What would you tell your kids

1    about what you've done here?

2            *THE DEFENDANT:*  To learn from my mistakes, to not
3    follow in the ways that I have, to just -- I don't know --
4            *THE COURT:*  What would --
5            *THE DEFENDANT:*  I have a lot of shame.
6            *THE COURT:*  Well, I understand that.  But kids want
7    concrete instructions.  So what would you tell them?  What
8    shouldn't they do?
9            *THE DEFENDANT:*  They shouldn't have bad friends or do
10   drugs, don't drink in excess, don't -- just follow the law.
11   That's what it's there for.
12           *THE COURT:*  All right.  Is there anything else you'd
13   like me to know?
14           *THE DEFENDANT:*  That I'm sorry.
15           *THE COURT:*  Thank you.
16           For the Government.
17           *MR. TILL:*  Your Honor, I recommend that the Court
18   follow Probation Department's recommendation.  I think Mr. Lugo
19   is a good-natured person, but he's not as mature as a person --
20   as of his age and of his education, as one might expect.  I
21   think he'd benefit from coaching.  There is some children in
22   the picture.  Seems like he's under financial stress.  And he
23   could benefit from the coaching and assistance advice from the
24   probation officer for three years, Your Honor, rather than one
25   year.

1           *THE COURT:*  Thank you.

2           Anything further?

3           *MR. HARTLEY:*  I have nothing, Your Honor.

4           *THE COURT:*  Thank you.

5           Then I'll announce the sentence I intend to impose.
6  Of course, counsel, you'll have a final opportunity to make
7  legal objections before judgment is entered.  And if you
8  believe my reasoning is premised on error or I raise an issue
9  that you haven't had an opportunity to consider, you're invited
10 to request a continuance.

11          Imposition of a sentence in a federal criminal case is
12 governed by a number of statutes.  The umbrella statute is 18
13 U.S.C. Section 3553.  In imposing sentence in this case, as in
14 all cases, I'm required to consider the objectives and the
15 factors that are set out in that statute.  The statute requires
16 that the sentence be sufficient but not greater than necessary
17 to accomplish particular objectives:  The sentence must reflect
18 the seriousness of the offense; promote respect for the law;
19 provide just punishment; adequately deter criminal conduct;
20 protect the public from further crimes by the defendant; and
21 provide the defendant with needed educational or vocational
22 training, medical care, or other correctional treatment in the
23 most effective manner.

24          In order to fashion a sentence that meets these
25 objectives, the same statute tells me what factors to consider:

1   The nature and circumstances of the offense; the history and
2   characteristics of the defendant; the kinds of sentences that
3   are available; the sentence prescribed by the federal
4   sentencing guidelines; the need to avoid unwarranted sentence
5   disparities among defendants with similar records found guilty
6   of similar conduct; and in the appropriate case, the need for
7   restitution.
8         At the beginning of this hearing, I identified the
9   documents that I had studied in preparation for the hearing,
10  confirmed that counsel and the defendant had had adequate
11  opportunity to consider those, asked whether there were any
12  additional documents -- and two were provided to the probation
13  officer.  There is no request -- there is no dispute as to the
14  calculation of the sentence under the federal sentencing
15  guidelines.  There is no request for a departure.  There is no
16  request for a variance.
17        We begin, then, with the calculation under the federal
18  sentencing guidelines.  Here, the Base Offense Level for
19  violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(C) is set
20  by sentencing guideline 2D1.1.  The Base Offense Level is 14
21  pursuant to Section 2D1.1(c)(13).  There is a specific offense
22  characteristic in the sense that the defendant meets the
23  criteria for the safety valve reduction at Section 5C1.2.
24  There is a two-level reduction pursuant to Section
25  2D1.1(b)(16).  This results in a Total Offense Level of 12.

1  Then there is a downward adjustment for acceptance of
2  responsibility of two levels to a Total Offense Level of 10.
3       Then we turn to the criminal history of the defendant.
4  That's the second component in calculating a sentence under the
5  guidelines.  And the criminal history reflects only 1 criminal
6  history point.  That arises from driving while his ability was
7  impaired, a second offense, and that occurred in 1999.  With a
8  criminal history point of 1, he falls into Criminal History
9  Category I.
10      Now, I will note, however, that despite his Criminal
11 History Category of I, he has a repetition of motor vehicle
12 violations, beginning in 1999 and continuing through 2012.  I
13 suspect looking at some of these infractions, defective head
14 lamps and speeding, that they may have been pled down from some
15 other charge.  But I think it's important to note for purposes
16 of sentencing that there continues to be a problem in
17 compliance with traffic laws.
18      The Criminal History Category of I and an offense
19 level of 10 would result under the guidelines in a
20 recommendation of 6 to 12 months of incarceration, supervised
21 release of 3 years, or, alternatively, probation of 1 to 5
22 years, a fine of 2,000 to $1 million, and a special assessment
23 of $100.
24      As I indicated, there is no motion for a departure
25 under the guidelines, no request for a variance under 18 U.S.C.

1   Section 3553.

2   The probation officer has recommended a probationary
3   period of 3 years, subject to particular conditions, and no
4   fine.  I agree with both of those recommendations.  I'm
5   required to impose a special assessment of $100.

6   So summing up my analysis here, having considered the
7   provisions of 18 U.S.C. Section 3553, I intend to impose a
8   special assessment of $100.  I do not intend to impose a fine,
9   finding that the defendant lacks the ability to pay a fine.
10  And if a fine were imposed, it could result in hardship to
11  dependents as well.  The probationary period of 3 years, I
12  believe, is appropriate under these circumstances.

13  Mr. Lugo, I observe in your records several things.
14  First of all, you are a very sincere person; you have a good
15  heart; you want to do the right thing.  I'm not as satisfied
16  that you have the self-discipline, however, to make good
17  choices when choices are to be made.  And it is for that reason
18  that I believe that supervision on a probationary basis for a
19  period of 3 years is warranted.  The reference to not hanging
20  out with folks who might get you in trouble is a statement to
21  me that you don't yet recognize that you're responsible for
22  your conduct, not your friends.  And it doesn't matter who your
23  friends are; you have to hold the line as to your conduct.
24  That's a statement -- the statement you make about hanging out
25  with the correct kind of people is a statement of someone who

 1  thinks he can be influenced by the wrong decisions of other
 2  people, and I hope you get past that.
 3              As to your intentions to do better, I see them as very
 4  sincere, and I'm sure you will do your best.  But you need some
 5  skills to go along with them.  It's not good enough, generally
 6  speaking, to just want to do better.  It requires recognition
 7  of those circumstances where you may be tempted to make a bad
 8  choice and how to avoid making a bad choice.  And that is why I
 9  intend to impose a condition on the probationary period of
10  completion -- participation in and completion of a program for
11  testing and/or treatment for substance abuse.
12              In addition to that, I am going to require that you
13  meet with the probation officer, as would ordinarily be
14  scheduled.  But one of the probation officers' duties will be
15  to look at your financial circumstances.  Financial
16  circumstances can often lead people to make decisions that they
17  regret.  And making sure that you're able to create a budget
18  and stick within a budget is important in making sure that
19  you're not tempted to engage in illegal activity in order to
20  supplement your income.  Therefore, I am going to make a
21  condition of probation that at least quarterly you will submit
22  to your probation officer proof of your income and your
23  expenses and the budget that you and the probation officer have
24  agreed upon.
25              Any need for clarification or further explanation?

1         *MR. TILL:*  Not by the Government, Your Honor.

2         *THE COURT:*  Is there a forfeiture that is requested
3    here?

4         *MR. TILL:*  No, Your Honor, there is not.

5         *THE COURT:*  Okay.

6         *MR. HARTLEY:*  None, Your Honor.

7         *THE COURT:*  Thank you.

8         The probation officer reminds me that home detention
9    is a condition of Zone B sentence.  I'm looking at the
10   recommendation of the probation office.  What was your
11   recommendation with regard to that?

12        *PROBATION OFFICER:*  Your Honor, I recommended a
13   variant sentence in order to waive the Zone B sentence.  The
14   only place I addressed it was in my justification on page R-2.
15   And I felt that because he had had -- he had had nine months
16   previously -- I understand that he had an issue with cocaine
17   use, but every time something went awry, the Probation
18   Department, and I believe with consultation with you or the
19   magistrate judge, they restricted him, and he got back in
20   compliance.  And I don't know that that's necessary currently.
21   So I thought the way to get around that is recommend a variance
22   versus a downward departure.

23        *THE COURT:*  All right.  That explains why the parties
24   didn't ask for a variance.

25        *PROBATION OFFICER:*  Probably.

1  *THE COURT:* Probably. It's helpful in the preparation
2  of your report to indicate the recommended sentence is a
3  variant sentence on page 2 of Exhibit A, right in the chart, so
4  that it becomes clear what it is that you're recommending.
5  *PROBATION OFFICER:* Okay, Your Honor. Sure.
6  *THE COURT:* I don't disagree with your reasoning with
7  regard to that. I'm not going to impose home detention here.
8  That does constitute a variant sentence even though the parties
9  have not asked for one. I find that that is an appropriate
10 sentence to impose, having considered the provisions of 18
11 U.S.C. Section 3553.
12       Doesn't look like I have a sentencing statement here.
13 Hold on -- maybe --
14       Yep, I do. It was loaded. Thank you.
15       Then pursuant to the Sentencing Reform Act of 1984, it
16 is the judgment of the Court that the defendant, Eric Lugo, be
17 placed on probation for a term of 3 years. While on probation,
18 he'll not commit another federal, state, or local crime; he'll
19 not possess a firearm as defined in 18 U.S.C. Section 921;
20 he'll comply with the standard conditions that have been
21 adopted by the Court. He will not unlawfully possess a
22 controlled substance; he'll refrain from any unlawful use of a
23 controlled substance; he'll submit to at least one drug test
24 within 15 days of placement on probation and two periodic tests
25 thereafter; he'll cooperate in the collection of DNA as

1  directed by the probation officer.

2  And the Court finds that there are two special
3  conditions of probation that are reasonably related to the
4  factors enumerated in 18 U.S.C. Section 3553(a) and 3583(d).
5  First, that he will participate in and successfully complete a
6  program of testing and/or treatment for substance abuse as
7  approved by the probation officer until such time as he's
8  released from the program by the probation officer, and he will
9  abstain from the use of alcohol and other intoxicants during
10  the course of treatment and shall pay for the cost of treatment
11  as directed by the probation officer.

12  In addition, I direct that at least quarterly he
13  present to the probation officer and review with the probation
14  officer his records of income and expenses and compliance with
15  a budget as determined by the defendant and the probation
16  officer.  No fine is imposed for the reasons specified.  The
17  defendant will, however, pay a special assessment of $100.

18  Mr. Lugo, I advise you of your right to appeal this
19  sentence.  If you choose to appeal, you must file a Notice of
20  Appeal with the Clerk of the Court within 14 days after
21  judgment is entered.  If -- ordinarily, Mr. Hartley would file
22  that notice for you.  If for some reason he's unable or
23  unwilling to do so, then you may request and I will direct the
24  Clerk of the Court to file a Notice of Appeal on your behalf.

25  Any objection to exonerating the bond at this time?

*MR. TILL:* No, Your Honor. Thank you.

*MR. HARTLEY:* No, Your Honor.

*THE COURT:* Any further business?

*MR. TILL:* No.

*MR. HARTLEY:* I would say that there was a waiver of Notice of Appeal, except for certain conditions.

*THE COURT:* I nevertheless give an advisement.

*MR. HARTLEY:* I agree. I understand.

*THE COURT:* Thank you.

Then the defendant's bond is exonerated, and judgment shall enter in accordance herewith. Thank you all. That will conclude this hearing. We'll stand in recess.

(Recess at 9:31 a.m.)

REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated at Denver, Colorado, this 24th day of August, 2013.

s/Therese Lindblom

---

Therese Lindblom,CSR,RMR,CRR